UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORWEST BANK WISCONSIN, N.A.,

                        Plaintiff,      CIVIL CASE NO. 99-40146

v.

                                         HONORABLE PAUL V. GADOLA
THE MALACHI CORPORATION, INC.,      U.S. DISTRICT COURT

                        Defendant.
_____/

**ORDER**

Plaintiff Norwest Bank Wisconsin, N.A., n/k/a Wells Fargo Bank Wisconsin, N.A. (the "Trustee"), is the trustee to six separate bond financing transactions used by Defendant Malachi Corporation, n/k/a Doric Corporation, to purchase seven nursing homes. After Defendant defaulted on the financings, the Trustee filed the current suit. Subsequently, on March 31, 1999, the Court appointed HealthLink Services, LLC (the "Receiver") as the receiver of the seven nursing homes. The Receiver, in turn, entered into contracts with HP/Management Group, Inc. (the "Manager") to manage the nursing homes. On December 29, 2003, upon receiving permission from this Court, the Trustee filed suit against the Manager in *Wells Fargo Bank Wisconsin, N.A. v. HP/Management Group, Inc.*, Civil Case No. 03-40340, on issues closely related to the above-captioned case. In the *Wells Fargo v. HP/Management* case, the Receiver was named as a Third-Party Defendant by the Manager who is Defendant/Third-Party Plaintiff in that case.

Before the Court are several motions from different parties involved in the current action, requesting disbursement of funds for various reasons: the Receiver's motion for authorization to

defend the third-party complaint and establish a litigation fund [docket entry 353]; three motions by the Trustee for the disbursement of funds for distribution to the Trustee's bondholders [docket entries 363, 364, 365]; and the Trustee's motion to compel payment of trustee notes [docket entry 366]. A hearing was held on these motions on December 14, 2005. At the hearing, opposition to the granting of the motions rested on the argument that there had not been a final, complete, and accurate accounting of all available funds and that it was premature to make disbursements of funds because of current and future potential liabilities in the above-captioned case and the related case, *Wells Fargo Bank Wisconsin, N.A. v. HP/Management Group, Inc.* The Court recognizes that because of the length and complexity of the case, there is a great need for a thorough updating of the accounting in this case and in the related *Wells Fargo* case, and that at the moment, the Court is unable to make a complete and accurate determination of the disposition of all the funds. The Court also recognizes, however, that interested parties, such as the Trustee's bondholders, have been waiting for some time for disbursements of funds to which they are entitled.

Accordingly, having considered the arguments presented by all interested parties in their briefs and at the hearing held on this matter, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Receiver HealthLink Services, LLC's Motion for Authorization to Defend Third Party Complaint and Establish Litigation Fund [docket entry 353] is **GRANTED IN PART**, insofar as the Receiver is authorized to respond to the Third-Party Complaint and to defend against the claim for indemnification in Civil Case No. 03-40340. The Receiver's motion is **DENIED IN PART** with regard to its request to establish a litigation fund.

Upon an updating of the accounting, the Receiver may renew its motion to establish a litigation fund, if it so desires.

**IT IS FURTHER ORDERED** that the Trustee's motion for the disbursement of funds to the bondholders with respect to the Bay City Receivership Estate [docket entry 363] is **GRANTED IN PART** and the Receiver is directed to disburse funds it holds in the Bay City Receivership Estate account to the Trustee in the amount of $3,000,000. Upon an updating of the accounting, the Trustee may move for an additional disbursement of funds for distribution to the bondholders.

**IT IS FURTHER ORDERED** that the Trustee's motion for the disbursement of funds to the bondholders with respect to the Manitowoc Receivership Estate [docket entry 364] is **GRANTED IN PART** and the Receiver is directed to disburse funds it holds in the Manitowoc Receivership Estate account to the Trustee in the amount of $2,000,000. Upon an updating of the accounting, the Trustee may move for an additional disbursement of funds for distribution to the bondholders.

**IT IS FURTHER ORDERED** that the Trustee's motion for the disbursement of funds to the bondholders with respect to the Princeton Receivership Estate [docket entry 365] is **GRANTED IN PART** and the Receiver is directed to disburse funds it holds in the Princeton Receivership Estate account to the Trustee in the amount of $250,000. Upon an updating of the accounting, the Trustee may move for an additional disbursement of funds for distribution to the bondholders.

**IT IS FURTHER ORDERED** that the Trustee's motion to compel payment of trustee notes [docket entry 366] is **DENIED**. Upon an updating of the accounting, the Trustee may renew its

motion to compel payment of trustee notes, if it so desires.

**SO ORDERED.**

Dated:  February 21, 2006       s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   February 21, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Leonora K. Baughman; Bradley H. Darling; Boyd A. Henderson; Richardo I. Kilpatrick; Kay S. Kress; Eric H. Lipsitt; Richard G. Mack; Eric T. McCormick; Erick J. Meier; Judith C. Miller; Julia C. Pidgeon; Stuart J. Rice                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Patrick J. McLaughlin; Gregory T. Stewart; James M. Hammond; Nicole Y. Lamb-Hale; Gregory R Schermerhorn; Thomas B. Carpenter; Ross A. Anderson .

                                s/Ruth A. Brissaud
                                Ruth A. Brissaud, Case Manager
                                (810) 341-7845