UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORWEST BANK WISCONSIN, N.A.,

                     Plaintiff,      CIVIL CASE NO. 99-40146

v.

                                          HONORABLE PAUL V. GADOLA
THE MALACHI CORPORATION, INC.,      U.S. DISTRICT COURT

                     Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Norwest Bank Wisconsin, N.A., n/k/a Wells Fargo Bank Wisconsin, N.A. (the "Trustee"), is the trustee to six separate bond financing transactions used by Defendant Malachi Corporation, n/k/a Doric Corporation, to purchase seven nursing homes. After Defendant defaulted on the financings, the Trustee filed the current suit. Subsequently, on March 31, 1999, the Court appointed HealthLink Services, LLC (the "Receiver") as the receiver of the seven nursing homes. The Receiver, in turn, entered into contracts with HP/Management Group, Inc. (the "Manager") to manage the nursing homes.

Before the Court is Manager HP/Management's motion for reconsideration of the Court's order granting in part Trustee Wells Fargo's motions to distribute funds. The Court's order granting in part the motions to distribute funds was issued on February 21, 2006. The Manager filed its motion for reconsideration on March 6, 2006. On March 20, 2006, the Court ordered Trustee Wells Fargo and Receiver HealthLink Services to respond to the Manager's motion for reconsideration. Both the Trustee and the Receiver filed their responses on April 3, 2006.

For motions for reconsideration, the Local Rules state:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

In its motion, Manager HP/Management argues that the Court did not recognize or discuss the specific objections raised by the Manager. On the contrary, before issuing its order, the Court did consider the arguments and positions of all interested parties. Taking into account the Manager's objections, the Court issued an order authorizing disbursement of fund amounts reduced from the amounts requested by the Trustee and denying the Trustee's motion to compel payment of trustee notes. Therefore, the Court finds that the Manager has failed to demonstrate "a palpable defect" as required by Local Rule 7.1(g)(3).

Accordingly, having considered the submissions of all parties concerning the instant motion for reconsideration, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Manager HP/Management's motion for reconsideration [docket entry 423] is **DENIED**.

**SO ORDERED.**

Dated:   May 22, 2006              s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

2

Certificate of Service

I hereby certify that on   May 23, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Leonora K. Baughman; Bradley H. Darling; James M. Hammond; Boyd A. Henderson; Richardo I. Kilpatrick; Kay S.Kress; Eric H. Lipsitt; Richard G. Mack; Eric T. McCormick; Eric J. Meier; Judith G. Miller; Hannah J. Mufson; Julia C. Pidgeon; Stuart J. Rice   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Patrick J. McLaughlin; Gregory T. Stewart; Nichole Y. Lamb-Hale; Gregory R. Schermerhorn; Thomas B. Carpenter; Ross A. Anderson         .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845