UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORWEST BANK WISCONSIN,
NATIONAL ASSOCIATION,
a Wisconsin Banking Corporation,
as Trustee,

        Plaintiff,

v.

THE MALACHI CORPORATION, INC.,

        Defendant.
_____/

Case No. 99-cv-40146

HONORABLE STEPHEN J. MURPHY, III

**ORDER APPROVING SETTLEMENT OF**
**OBJECTIONS TO POST-FILING CLAIM OF GWEN WRIGHT**

        This is a receivership proceeding. On March 17, 2008, the Court entered an Order, (docket no. 517), which established, inter alia, a Post-Filing Claims Procedure, with respect to any claims against The Malachi Corporation, the nursing home facilities it previously operated, or the receivership estates established in this proceeding, for debts, fees, expenses, or costs incurred by or relating to the facilities, The Malachi Corporation, the Receiver (or prior Receiver), and the receivership estates, in whole or in part, from and after March 31, 1999, or which are otherwise claimed to be entitled to priority of payment.

        Pursuant to this post-filing claim procedure, Gwen Wright timely filed a claim (docket no. 524) as to the Redford/Cambridge West Receivership Estate in the amount of $250,000, alleging a claim for racial discrimination arising on April 23, 1999. Gwen Wright had previously filed her lawsuit in Michigan State Court (*Gwen Wright v. Cambridge West*, Wayne County Circuit Court Case No. 99-922978-NZ), alleging discrimination on the basis

of her race and color, and constructive discharge from her employment at the Cambridge West Nursing Care Center. That action was originally defended on behalf of the prior Receiver, and later stayed as a result of this Receivership proceeding. The Receiver, the Trustee, and HP each filed objections to Wright's claim (docket nos. 558, 556, and 559 respectively).

Discovery was conducted as to Wright's claim by the prior Receiver in the Wayne County action, and by the current Receiver after the filing of the Post-Filing Claim. On August 3, 2009, the Receiver filed a motion for summary judgment with respect to Wright's claim (docket no. 648). A hearing was held on the motion on September 22, 2009, and the motion was taken under advisement by the Court.

On November 12, 2009, the Receiver, Trustee, and former Manager, HP/Management Group, Inc., filed a joint Motion for Order Approving Settlement of Objections to Post-Filing Claim of Gwen Wright (docket no. 676) arguing that it would be in the best interests of all interested parties to resolve the objections to the post-filing claim rather than incur further expenses of litigating the claim, and risk an adverse verdict following judicial determination of the objections. The motion states that Wright, the Receiver, the Trustee, and HP/Management have agreed to a proposed settlement of the objections to Gwen Wright's post-filing claim, subject to the approval of the Court. Counsel for Gwen Wright concurred separately in the motion.

Under the proposed settlement, Wright would be allowed her post-filing claim, docket no. 524, but reduced to the amount of $25,000. Under the post-filing claims procedure set up by the Court, the amount of the claim would be shared pro-rata with other post-filing claims in the Redford/Cambridge West Receivership Estate out of the funds distributed to

pay such post-filing claims made on the estate. This post-filing claim would fully satisfy any claims Wright would otherwise have against The Malachi Corporation, the Receiver (and prior Receiver) in this action, the Cambridge West Nursing Care Center, or the Redford/Cambridge West Receivership Estate.

In receivership cases falling within federal court jurisdiction, the federal courts exercise the traditional common-law powers of equity. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). Rule 66 of the Federal Rules of Civil Procedure provides: "[T]he practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. Pro. 66. "A district court has broad powers in fashioning relief in an equity receivership proceeding ...." *Liberte*, 462 F.3d at 551 (internal quotation and citation omitted).

"Once assets are placed in receivership, a district court's equitable purpose demands that the court be able to exercise control over claims brought against those assets. The receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets." *Id.* (citation omitted). In light of that interest, when addressing claims against the receivership estate before it, the district court may consider both the merits of the individual claim and the equities attendant to the situation. *Id.* at 552. Since in most receiverships, the assets of the estates are outweighed by their obligations, in adjudicating claims on the receivership estates, a district court may consider such factors as litigation costs as a drain on the receivership estate, the ability of the parties to resolve their claims in the receivership court as opposed to another forum, any culpability on the part of the claimant, and the

implications for any satisfaction of an award on other claimants to the estate. *Id.* (citing *SEC v. Universal Fin.*, 760 F.2d 1034, 1037-38 (9th Cir. 1985)).

It is with these equitable principles in mind that the Court considers the parties' joint motion for an order settling objections to Wright's post-filing claim. Without deciding which side would ultimately prevail with respect to the objections to the claim, the Court notes both sides' arguments have merit. The Court realizes that any further litigation of Wright's post-filing claim could increase the costs of defending against the claim and would further deplete the already-reduced balance of assets in the receivership estates. Wright's complaint, on which her post-filing claim is based, alleges discrimination on the basis of race and color in violation of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2202(1). These are serious allegations to say the least, and were Wright to prevail at trail, an award of damages would likely far exceed the proposed agreed-upon claim amount. That said, the Court also recognizes that Wright could possibly lose and be entitled to nothing.

The Court also considers the fact that were Wright's claim to ultimately succeed, her damages award, likely to be larger than the $25,000 agreed upon here, would reduce even further the Redford/Cambridge West receivership estate's ability to satisfy the other post-filing claims made by other claimants. Even were Wright to ultimately not succeed, the costs of litigating the claim would further reduce the estate's ability to satisfy other post-filing claims.

Considering the equities of Wright's post-filing claim and the objections to it, as well as the increased potential for incomplete payment of all other post-filing claims submitted against the receivership estates were the objections to the claim not to be settled here, and the fact that all interested parties, including the Trustee for the bondholders, has

acquiesced in this proposed settlement of the objections, the Court finds that the proposed settlement is in the best interest of all parties involved, and will approve the proposed settlement reached by the parties.

**WHEREFORE**, it is hereby **ORDERED** that:

- The Joint Motion for Order Approving Settlement of Objections to Post-Filing Claim of Gwen Wright (docket no. 676) is **GRANTED**;

- The settlement of objections to the Claim is **APPROVED**;

- Wright is entitled to a post-filing claim in the amount of $25,000 against the Cambridge West Receivership Estate; and

- The Receiver's motion for summary judgement with respect to Wright's post-filing claim (docket no. 648) is **TERMINATED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  December 14, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager