UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORWEST BANK WISCONSIN,
NATIONAL ASSOCIATION,
a Wisconsin Banking Corporation,
as Trustee,

      Plaintiff,

v.

THE MALACHI CORPORATION, INC.,

      Defendant.
_____/

Case No. 99-cv-40146

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING RECEIVER'S MOTION TO APPROVE
SETTLEMENT AGREEMENT AND SETTLEMENT OF CASE NO. 07-10087,
WELLS FARGO BANK, N.A. V. HEALTHLINK SERVICES, LLC,** (docket no. 726)

This is a receivership proceeding. On March 17, 2008, the Court entered an Order (docket no. 517), which established a Post-Filing Claims Procedure, with respect to any claims against The Malachi Corporation, the nursing homes it previously operated, and the receivership estates established in this proceeding. It appointed Yeo & Yeo, P.C. as receiver.

One of the assets of the receivership is a lawsuit against the former receiver, and related entities and individuals, for breach of fiduciary duties, conversion, breach of contract, and unjust enrichment. *Wells Fargo Bank, N.A. v. HealthLink Services, L.L.C.*, No. 07-cv-10087 (E.D. Mich) ("the '07 case"). In that action, the Receiver seeks to recover from the defendants unauthorized distributions of receivership funds in the amount of $4.6 million. The defendants filed cross claims, counterclaims, and third-party claims. Some of the defendants in the '07 case have since repaid nearly half of the funds, leaving nearly $2.7 million still at stake.

The principal legal and factual issue remaining is whether some defendants received diverted receivership funds from other defendants or third-party defendants, and if so, whether there was an agreement to repay the funds. The documentary evidence is inconclusive on this issue.

Once the '07 case is resolved, the proceeds from the action, if any, will be consolidated with the remainder of the receivership's assets, and the Court will then oversee liquidation and disbursement of the proceeds to interested parties.

The Court ordered the parties in the '07 case to court-supervised mediation. The case was eventually settled in principle, and all that remains is for the Court to approve the settlement.[1] The Receiver has submitted a motion to approve the settlement. Docket no. 726. The Receiver served a copy of the motion and proposed settlement agreement on all interested parties in the case, and the Court has received no responses to the motion or objections to the settlement by any interested party.

The terms of the proposed settlement call for payment to the Receiver in the total amount of $2,070,000.[2] This amount will be paid by two separate promissory notes, one executed by the Johnson defendants and one by the Mittleider defendants, each for half of the total amount, plus interest. Johnson and Mittleider are obligors on the notes and will make monthly payments of approximately $19,000 on the notes. Each will also make additional payments on the notes in amounts dependent on their annual compensation.

---

[1] Section 5 of the Court's order appointing Yeo & Yeo, P.C. as Receiver provides that the Receiver cannot settle or compromise any claim in the '07 case without first filing a motion seeking approval to do so. Order of March 17, 2008, at 8.

[2] The following description of the highly-detailed and complex settlement structure is just that, a description. The parties will be bound by the language in the settlement agreement, not the Court's description herein.

Payment will be secured by certain assets, ownership interests, or insurance policies owned by the defendants.

Based on the extensive costs that would be incurred were the action not settled, the risks involved in trying the matter, and the ability of the Receiver to collect a judgment were one entered, the Receiver believes the proposed settlement to be in the best interests of all interested parties. If the Court approves the settlement and determines it is binding on the Receiver as well as all creditors and claimants in the Receivership action, the parties will submit a stipulation and proposed order of dismissal for entry by the Court. The stipulation and order will provide that the Court will retain jurisdiction to enforce the settlement agreement in the event of a material breach. If there is a breach, any party may seek to set aside the order of dismissal and have a judgment entered in its favor.

## DISCUSSION

In receivership cases falling within federal jurisdiction, district courts exercise the traditional common-law powers of equity. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006); Fed. R. Civ. P. 66 ("The practice in the administration of estate by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district courts."). "'A district court has broad powers in fashioning relief in an equity receivership proceeding . . . .'" *Liberte*, 462 F.3d at 551 (quoting *Liberte Capital Group, LLC v. Capwill*, 421 F.3d 377, 382 (6th Cir. 2005)).

Along with the receiver, the receivership court also has an interest in the claims against the receivership and the costs of defending or prosecuting actions that drain or increase receivership assets. *Id.* In light of that interest, when addressing claims against the receivership estate before it, the district court may consider both the merits of the

claims and the equities attendant to the situation. *Id.* at 552. Since in most receiverships, obligations of the estate outweigh its assets, in adjudicating claims or actions involving the receivership estate, a district court should consider factors including litigation costs that drain receivership assets, the ability of the parties to resolve their claims in the receivership court as opposed to another forum, any culpability on the part of the claimant, and the implications for any satisfaction of an award on other claimants to the estate. *Id.* The Court's interest in conserving assets of the receivership was the reason the Court ordered the parties to attempt to mediate the case.

With these principles in mind, the Court considers the Receiver's motion to approve the settlement agreement. Without deciding which side would ultimately prevail in the '07 case, the Court notes the merit in the arguments of both the Receiver and the defendants. The Court realizes that any further litigation in the '07 case will necessarily constitute a drain on the already-reduced balance of the assets in the receivership. The Court notes the absence of documentary evidence to support or rebut the Receiver's claims against the defendants, and that there are serious risks in trying the case. The proposed settlement will provide the receivership with a sum of money approximating its damages, without the Receiver having to try and case. The Court concludes that settling the '07 case on the terms provided in the proposed settlement agreement is in the best interest of all parties. The Court approves the settlement.

**WHEREFORE** it is hereby **ORDERED** that the Receiver's motion to approve the proposed settlement (docket no. 726) is **GRANTED.**

**IT IS FURTHER ORDERED THAT** the Receiver for is authorized to settle the claims made in the action *Wells Fargo Bank, N.A. v. HealthLink Services, LLC*, No. 07-cv-10087 (E.D. Mich.) on the terms and conditions set forth in the motion and the settlement

4

agreement attached to the motion, and to execute such documents as are reasonably necessary to effectuate the closing of the settlement, including a stipulation and proposed order of dismissal of case No. 07-cv-10087.  The dismissal will be with prejudice and without costs or attorney fees and subject to the terms of the settlement agreement.  The order will provide for the Court's retention of jurisdiction over the action for the purpose of enforcing the settlement agreement in the event of a material breach. In such event, the Court will set aside the stipulated order of dismissal and enter a judgment upon motion by any interested party, as provided in the settlement agreement.

**IT IS FURTHER ORDERED THAT** the settlement agreement, and  the settlement of case No. 07-cv-10087, is binding on Yeo & Yeo, PC, Receiver of The Malachi Corporation, on behalf of itself, and the parties to this action and to case No. 07-cv-10087, and  creditors and claimants in this Receivership Action, including Wells Fargo Bank, NA, as the Indenture Trustee of Bondholders for the Facilities of the Malachi Corporation that are the subject of this Receivership Action.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  September 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2010, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager